UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID LEE FORBES, II,

        Plaintiff,         Case No. 1:10-cv-830

v.         Honorable Janet T. Neff

STATE OF MICHIGAN et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff presently is incarcerated at the Oaks Correctional Facility. In his *pro se* complaint, he sues the State of Michigan, the Michigan Department of Corrections (MDOC), Oaks Correctional Facility (ECF), prisoner Theodore Henton[1] and ECF Inspector (unknown) Bowers.

On December 17, 2009, Plaintiff alleges that prisoner Henton assaulted him with scalding hot water in the ECF Protective Custody Unit. Prisoner Henton apparently threw the scalding hot water on the right side of Plaintiff's face and shoulder. The hot water caused second-degree burns on Plaintiff's face, ear, shoulders and scalp. Plaintiff also lost hearing in his right ear and vision in his right eye. While Plaintiff has since regained his hearing, he only has regained approximately 90% of his vision.

When Plaintiff was asked by staff whether he wanted to press charges, Plaintiff repeatedly told them "yes." (Compl., Page ID #4, docket #1.) Inspector Bowers, however, told Plaintiff that, as a prisoner, he had no right to file criminal charges against another inmate. Instead, only the State of Michigan or the MDOC could file a complaint. On February 24, 2010, MDOC staff mentioned to Plaintiff that prisoner Henton received ninety days in the "hole" as punishment and Henton would be transferred to another facility. (*Id.*) The MDOC never transferred prisoner Henton to another prison facility. Rather, prisoner Henton returned to the ECF Protective Custody Unit. Plaintiff was also not aware of any charges being filed against prisoner Henton.

---

[1] Plaintiff refers to prisoner Henton as Theodore Henton, prisoner #236689, in his complaint. On the Michigan Department of Corrections Offender Tracking Information System, prisoner #236689 is actually Larnell Henton rather than Theodore Henton. *See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=236689. For purposes of this opinion, I will refer to this Defendant by his last name, Henton.

On June 15, 2010, prisoner Henton approached Plaintiff and informed him that "It isn't over. I will get you again. Just wait and see." (Compl., Page ID #5.) Because prisoner Henton is a threat to Plaintiff, the unit officers have been informed by their supervisors to keep Plaintiff and prisoner Henton separated. In fact, one officer stopped Plaintiff before he entered a building where Henton was located to prevent a confrontation. However, Plaintiff claims that he still does not feel safe in the ECF Protective Custody Unit with prisoner Henton in the same unit.

Plaintiff requests compensatory damages for prisoner Henton's assault. He also requests that prisoner Henton be formally charged for his assault against Plaintiff.

II.     Immunity

Plaintiff may not maintain a § 1983 action against the State of Michigan, the MDOC, and Oaks Correctional Facility. Oaks Correctional Facility is part of the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, No. 08-1541, 2010 WL 841198, at *7 (6th Cir. Mar. 12, 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan

(acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the State of Michigan, the MDOC, and Oaks Correctional Facility.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Inmate Henton

Defendant Henton is a state prisoner who allegedly assaulted Plaintiff with scalding hot water. As previously discussed, in order to state a § 1983 claim against a defendant, a plaintiff must allege that a constitutional deprivation was committed by a person acting under color of state law. *West*, 487 U.S. at 48. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which inmate Henton's conduct could be fairly attributed to the State. Accordingly, he fails to state a § 1983 claim against Defendant Henton.

### B. Inspector Bowers

In his complaint, Plaintiff claims that Inspector Bowers violated his constitutional rights because he failed to pursue criminal charges against prisoner Henton in response to Henton's assault on Plaintiff. A private citizen "lacks a judicially cognizable interest in the prosecution or

nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Simply put, Plaintiff cannot compel a criminal prosecution of inmate Henton because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another. *See Diamond*, 476 U.S. at 64-65; *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004). Because Defendant Bowers cannot compel the criminal prosecution of prisoner Henton, Plaintiff's claim against Defendant Bowers fails.

Reading Plaintiff's complaint liberally, *see Haines*, 404 U.S. at 520, this Court finds that Plaintiff also alleges an Eighth Amendment claim against Defendant Bowers for her failure to protect him from prisoner Henton's ongoing threat. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged

"to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his safety and that the defendant official acted with "'deliberate indifference' to inmate . . . safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.") Because inmate Henton attacked Plaintiff with scalding hot water and subsequently threatened to harm Plaintiff again, it is entirely reasonable for Plaintiff to fear another attack by Henton. Plaintiff, however, does not make any specific allegations that Defendant Bowers was deliberately indifferent to his safety. Plaintiff does not allege that Defendant Bowers knew that inmate Henton remained at ECF or was transferred to Plaintiff's unit. He also does not claim that Defendant Bowers had the authority to transfer inmate Henton out of Plaintiff's unit or out of ECF. Plaintiff only claims that Defendant Bowers informed Plaintiff that Plaintiff could not file criminal charges against inmate Henton. Because Plaintiff fails to allege that Defendant Bowers was deliberately indifferent to Plaintiff's safety, Plaintiff's Eighth Amendment claim fails.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: <u>September 9, 2010</u>          <u>/s/ Janet T. Neff</u>
                                              Janet T. Neff
                                              United States District Judge